**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UMAR AHMAD,

Plaintiff,

v.

DAVID CRIST, TIM LANZ, VIRGINIA LEVASSEUR, and MIKE JOHNSON,

Defendants.

Civil No. 00-765 (DSD/ESS)

**REPORT AND RECOMMENDATION**

---

Plaintiff appeared pro se.

David L. Ramp appeared on behalf of Defendants David Crist, Tim Lanz, Virginia Levasseur, and Mike Johnson.

---

THIS MATTER came before the undersigned United States Magistrate Judge on Defendants' motion for summary judgment. Plaintiff alleges that Defendants have violated his rights under the First, Eighth, and Fourteenth Amendments to the Constitution of the United States. In this pro se civil rights action Plaintiff seeks monetary relief. This Court has jurisdiction pursuant to 28 U.S.C. § 1343, and these proceedings have been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). As discussed more fully below, this Court recommends that Defendants' motion be granted because of the immunity afforded them by the Eleventh Amendment to the Constitution of the United States.

## I. Background

Plaintiff Umar Ahmad is a former inmate at the Minnesota Correctional Facility At Stillwater, MN ("MCF-STW"). See Notice of Change of Address [Docket No. 13]. His

FILED 8-6-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

complaint concerns his use of the religious suffix "Bey" at the end of his name. See Compl. at 3 [Docket No. 1]. Plaintiff contends that Defendant Johnson, a guard at MCF-STW, confronted him about the handwritten nameplate he had attached to his cell that included "Bey" at the end of his name. Id. at 3-4. Plaintiff states that he attempted to explain to Defendant Johnson that "Bey" is a "religious attribute and nationality," and that the issue of the use of "Bey" by inmates at MCF-STW had already been settled in court.[1] Id. at 4, 6. Plaintiff alleges that Johnson ordered him not to use the suffix "Bey" and made "derogatory swearing remarks" against him. Id. at 6. Plaintiff wrote a "kite" to Defendant LeVasseur concerning Defendant Johnson's behavior towards him and his right to use the suffix "Bey," but she replied that Plaintiff's use of this suffix was in violation of the policy of the Department of Corrections. Id. at 6-7. Plaintiff alleges that shortly thereafter he received a notice of violation for signing "Bey" at the end of his name on the library sign-up sheet. Id. at 7. As a result, Plaintiff was placed in segregation and lost five days of "good time." Id. Plaintiff alleges that Defendant Lanz later acknowledged that Plaintiff's rights had been violated by Defendant Johnson, but he refused to overturn his punishment. Id.

[1] In Moorish Science Temple of America v. Benson, 86 F.3d 1159, 1996 WL 280076 (8th Cir. (Minn.)), an unpublished opinion, the court reversed the district courts grant of summary judgment to various prison officials at MCF-STW. 1996 WL 280076, *3. In this matter the plaintiffs, members of the Moorish Science Temple of America ("MSTA"), claimed defendants violated their rights under the First Amendment and the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb - 2000bb-4, by refusing to allow them to append the religious suffix "Bey" or "El" to their names unless an inmate legally changed his name according to Minnesota statutory procedures. Id. at *1. The district court found that this name change policy did not substantially burden the plaintiffs, and that even if it did, the policy was the least restrictive means of fulfilling a compelling governmental interest. Id. The Eighth Circuit concluded that summary judgment was improper because the plaintiffs had produced unrebutted evidence that their religion forbids them from going to court to obtain an legal name change, and the defendants failed to show how accommodating the plaintiffs request would implicate the security and administrative concerns identified by the defendants. Id. at *2.

Defendants contend that Plaintiff was abusive after Defendant Johnson told him to remove his handwritten nameplate. See Nelson Aff., ¶ 5, Ex. C [Docket No. 21]. They state that Plaintiff was charged with various violating the prison's disciplinary regulations, but Plaintiff waived his right to a disciplinary hearing and pled guilty to one of the violations. Id. Defendants move for summary judgment on the grounds that Plaintiff received all the process that he was due, and that they are entitled to both qualified immunity and Eleventh Amendment immunity. See Mem. in Supp. at 4-8 [Docket No. 20].

## II. DISCUSSION

### 1. Standard of Review

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate only when there is no genuine issue as to any material fact and the case may be decided on purely legal grounds. Fed. R. Civ. P. 56(c); Agristor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). To be considered material, any disputed facts must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party has the initial responsibility of demonstrating that there is no genuine issue of material fact to be decided. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once a motion for summary judgment has been made and supported by the pleadings and affidavits as provided in Rule 56(c), the burden shifts to the party opposing the motion to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In satisfying this burden, however, the non-moving party must do more than simply establish doubt as to material facts. The party opposing summary judgment may not "rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts

showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 586, n. 11; see also Krenik v. County of Le Seur, 47 F.3d 953, 957 (8th Cir. 1995); Fed. R. Civ. P. 56(e).

When there can be no reasonable construction of the facts that would allow the non-moving party to prevail, the remedy of summary judgment is appropriate. Matsushita, 475 U.S. at 586-87. Summary judgment is not appropriate, however, where there are genuine factual issues that "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Liberty Lobby, 477 U.S. at 250.

2. Eleventh Amendment Immunity

Plaintiff's complaint does not expressly indicate that Defendants are being sued in their individual capacities, and thus it must be assumed they are being sued in their official capacities. Artis v. Fandis Howell North Band Booster Assoc., Inc., 161 F.3d 1178, 1182 (8th Cir. 1998) ("if a complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"). A suit brought against a person in his or her official capacity is, in effect, a suit against the agency or entity that employees that person. Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("[o]fficial capacity suits... 'generally represent only another way of pleading an action against an entity of which an officer is an agent'"), quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. at 166. For this reason, official capacity suits brought against agents or employees of a state are considered to be actions against the state itself. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.... [and] [a]s such, it is no

different from a suit against the State itself") (citation omitted).

Because official-capacity suits against state officials are treated as actions against the state, such actions are subject to the restrictions of the Eleventh Amendment. Under that Amendment, states are immune from suits brought against them in federal court, unless the state's immunity has been waived or overridden by Congress. Id. at 66. The Supreme Court has found Eleventh Amendment immunity to be fully effective in § 1983 actions. Id. ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity"). It follows that official-capacity suits against state officials, such as the one now before this Court, are barred by the Eleventh Amendment -- with one exception. Official capacity suits seeking only prospective relief can be brought against state officials. Hopkins v. Saunders, 199 F.3d 968, 977 (8th Cir. 1999) ("Eleventh Amendment protects a state official sued in his official capacity from all claims except for certain forms of prospective equitable relief"), cert. denied, 2000 WL 949154 (U.S. Oct. 2, 2000); Andrus ex rel. Andrus v. Arkansas, 197 F.3d 953, 955 (8th Cir. 1999) ("Eleventh Amendment does not bar official-capacity claims for injunctive relief against state officials"); see also Will, 491 U.S. at 58, n. 10 ("a state official in his or her official capacity, when sued for injunctive relief, would be a person [who could be sued] under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State'"), quoting Kentucky v. Graham, 473 U.S. at 167, n. 14.

Thus, to the extent that the instant Plaintiff is attempting to sue state employees in their official capacities for money damages, his claims are barred by the Eleventh Amendment. Andrus, 197 F.3d at 955 ("[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment"); Arizonans for Official English v. Arizona, 520 U.S. 43, 69, n. 24 (1997) ("[s]tate officers sued in their official capacities, like States themselves, are

not amendable to suit for damages under § 1983"). If Plaintiff were still in prison, he might be able to pursue a claim for prospective (injunctive) relief against the state employee Defendants in their official capacities. However, his release from prison has caused any such claims to become moot. Hickman v. Missouri, 144 F.3d 1141, 1142 (8th Cir. 1998) (§ 1983 claims for injunctive relief based on prison conditions are rendered moot by inmate-plaintiff's release from prison); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). Therefore, Plaintiff presently has no viable § 1983 claim of any kind against any state employee who is sued in his or her official capacity. Because official capacity claims are (presumptively) the only type of claim he has alleged in his complaint, the Court concludes that Plaintiff has failed to state an actionable claim against any of the state employee Defendants.[2]

3. Conclusion

For the reasons discussed above, the Court concludes that there is no genuine issue as to any material fact, and the Defendants are entitled to immunity from civil suit by the Eleventh Amendment. The Court also notes that Plaintiff did not file a response to the Defendants' summary judgment motion, nor did he make any representation to the Court that he was suing Defendants in their individual capacity. As a consequence, summary judgment in favor of the Defendants is appropriate.

Therefore, based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The motion by the Defendants for summary judgment [Docket No. 19] be

---

[2] As this matter may be decided on Eleventh Amendment grounds, the Court need not examine Defendants' due process and qualified immunity arguments. However, the Court notes that the due process argument fails to address Plaintiff's claims under the First and Eighth Amendments.

**GRANTED**; and

2. This action be dismissed.

Dated: August 6, 2001

E. S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation within 10 days after being served with a copy thereof. The objecting party must file with the Clerk of the Court and serve on all parties, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within 10 days.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500