UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-765(DSD/ESS)

Umar Ahmad,

Plaintiff,

v.

**ORDER**

David Crist, Tim Lanz,
Virginia Levasseur and
Mike Johnson,

Defendants.

This matter is before the court upon plaintiff's objections to Magistrate Judge E.S. Swearingen's report and recommendation dated August 6, 2001 [Docket No. 24] and upon plaintiff's motion for the appointment of counsel [Docket No. 30]. In his report, the magistrate judge recommended that defendants' motion for summary judgment be granted, concluding that the Eleventh Amendment protected defendants from plaintiff's § 1983 claims. Plaintiff now objects to this recommendation.[1] After a de novo review of the record, the court adopts the magistrate judge's recommendation.

---

[1] The court previously granted plaintiff an extension of time in which to file his objections to the magistrate judge's report and recommendation. Plaintiff claims that he did not receive this order granting an extension of time and, for that reason, filed his objections past the deadline provided in the order. Plaintiff now requests that the court consider his objections even though he filed them late. The court grants this request and does consider plaintiff's objections.

FILED 11-5-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. 11-5-01
Deputy Clerk's Initials ______

The court also denies plaintiff's motion for the appointment of counsel.

First, the court concurs with the magistrate judge's recommendation to grant defendants' motion for summary judgment. As the magistrate judge correctly explained, rights under the Eleventh Amendment protect state employees sued in their official capacity from claims for money damages. Arizonanas for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997)("[s]tate officers sued in their official capacities, like States themselves, are not amenable to suit for damages under § 1983."). Here, plaintiff's complaint does not expressly indicate that defendants are being sued in their individual capacities, and thus the court must assume that they are being sued in their official capacities. Artis v. Fandis Howell North Band Assoc., Inc., 161 F.3d 1178, 1182 (8th Cir. 1998)("if a complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity."). The fact that plaintiff contends that he intended to sue defendants in their individual capacities does not change this result. Thus, presuming that plaintiff sued defendants as state employees, the magistrate judge correctly determined that plaintiff cannot recover $1,500 from defendants.

Second, the court denies plaintiff's motion for the appointment of counsel. There is no constitutional or statutory right to have appointed counsel in a civil case. See Wiggnes v.

Sargent, 753 F.2d 663, 668 (8th Cir. 1985). Appointment of counsel is within the discretion of the district court in civil cases. See In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986). In addition to evaluating whether plaintiff has alleged a valid prima facie claim, the court should satisfy itself that plaintiff has in good faith attempted to retain counsel and has been unsuccessful. See Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984). Since the court concludes that plaintiff has not established a valid prima facie claim, and thus grants defendants' motion for summary judgment, the court does not believe that the appointment of counsel is warranted in this circumstance.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for summary judgement [Docket No. 19] is granted;

2. Plaintiff's motion for appointment of counsel [Docket No. 30] is denied;

3. This action be dismissed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 5, 2001.

David S. Doty, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.