UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-765(DSD/ESS)

Umar Ahmad,

Plaintiff,

v. **ORDER**

David Crist, Tim Lanz,
Lt. Virginia LeVasseur,
and Mike Jonsson,

Defendants.

The United States Court of Appeals for the Eighth Circuit has remanded this matter to the District Court for the limited purpose of determining whether plaintiff should be allowed to proceed in forma pauperis ("IFP") and, in the event that the district court grants in forma pauperis status, the district court is directed to calculate and collect the appellate filing fees in accordance with Henderson v. Norris, 129 F.3d 481 (8th Cir. 1997).

The Prison Litigation Reform Act of 1995 ("PLRA") requires all prisoner litigants to pay the full $105 filing fee for an appeal. 28 U.S.C. § 1915(b)(1). However, a prisoner who is granted IFP status under § 1915 will be excused from pre-paying the full $105 filing fee as a condition to filing an appeal. When a prisoner applies for IFP status on appeal, the court must first determine whether the prisoner is "destitute;" i.e., whether he or she has "no assets and no means" by which to pay even a partial filing fee.

APR 01 2002
FILED ______
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

28 U.S.C. § 1915(b)(4). If the prisoner is found to be destitute, then he or she will not have to prepay any part of the filing fee. If the prisoner is found not to be "destitute," then the court must assess an "initial partial filing fee" pursuant to § 1915(b)(1). The remaining balance of the $105 filing fee is to be paid in installments pursuant to § 1915(b)(2). IFP status will be denied regardless of the prisoner's financial circumstances if the court determines that the appeal is frivolous or not taken in good faith. See §§ 1915(a)(3) and 1915(e)(2).

Under 28 U.S.C. § 1915(a), a district court may deny a plaintiff's application for leave to proceed on appeal in forma pauperis if the "court certifies in writing that [the appeal] is not taken in good faith." Good faith in this context is an objective standard. Coppedge v. United States, 369 U.S. 438, 445 (1962). In the absence of some evidence of improper motive, the plaintiff's good faith is established by the presentation of any issue that is not frivolous. See id. Further, a plaintiff seeking leave to proceed in forma pauperis must make a rational argument on the law or facts in support of the issues raised. See Neitzke v. Williams, 490 U.S. 319, 324-31 (1989). If the district court certifies that the appeal is not taken in good faith, then the plaintiff may move the circuit court under § 1915(a) for leave to proceed on appeal in forma pauperis.

The court has carefully reviewed the entire record in this case, including plaintiff's application and the court's orders. Based on its review of the record and file, the court concludes that plaintiff's contentions lack an arguable basis in law or fact. Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed on appeal in forma pauperis is denied.

Dated: March 29, 2002

David S. Doty, Judge
United States District Court